**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF CONNECTICUT**

IN RE: **NICHOLAS CARTER AS RECEIVER**  )
**FOR SUTTON, LTD AND WEMBLEY, LTD**  )     Case No: 3:19-cv-01560-JBA
─────────────────────────────────────  )
                                        **ORAL ARGUMENT REQUESTED**

**MEMORANDUM OF LAW IN SUPPORT OF MOTION TO HOLD ELIZABETH**
<u>**WYCKOFF IN CONTEMPT AND IMPOSE SANCTIONS**</u>

John A. Farnsworth (CT20705)
Withers Bergman LLP
157 Church St.
New Haven, Connecticut 06510
Telephone: (203) 789-1320
John.Farnsworth@withersworldwide.com
*Counsel for Nicholas Carter as Receiver for Sutton, Ltd and Wembley, Ltd*

## **TABLE OF CONTENTS**

**Page(s)**

TABLE OF AUTHORITIES.........................................................................................................II

FACTUAL BACKGROUND ........................................................................................................1

ARGUMENT................................................................................................................................5

CONCLUSION.............................................................................................................................8

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*BS Broadcasting. Inc. v. FilmOn.com, Inc.*,
    No. 14-3123-CV, 2016 WL 611903 (2d Cir. Feb. 16, 2016) ....................................................6

*East Point Systems, Inc. v. Maxim*,
    2016 WL 1118237 (D. Conn. Mar. 22, 2016) .........................................................................6

*Gesualdi v. Hardin Contracting Inc.*,
    No. 09-CV-0683(SJF)(AKT), 2016 WL 2654068 (E.D.N.Y. May 6, 2016)...........................7

*In re Corso*,
    328 B.R. 375 (E.D.N.Y. 2005) ...............................................................................................7

*PaineWebber Inc. v. Acstar Inc. Co.*,
    211 F.R.D. 247, 249 (S.D.N.Y. 2002) ....................................................................................7

*Trustees of I.B.E.W. Local Union No. 488 Pension Fund v. Norland Elec., Inc.*,
    No. 3:11-CV-709 (CSH), 2016 WL 1060188 (D. Conn. Mar. 14, 2016)................................6

**Statutes**

Fed. R. Civ. P. 45 ..........................................................................................................1, 4, 6, 7, 8

28 U.S.C. § 1782 ......................................................................................................................1

Nicholas Carter ("Mr. Carter"), as the receiver for Sutton, Ltd ("Sutton") and Wembley, Ltd ("Wembley") (collectively, the "Companies") by and through his undersigned counsel, respectfully moves this Court pursuant to Fed. R. Civ. P. 45 to issue an order (1) further directing Elizabeth Wyckoff ("Respondent") to comply with this Court's Order dated March 5, 2020 (the "March 2020 Order") (dkt #21-22) issued on Mr. Carter's prior Motion to Compel filed on January 29, 2020 (the "Motion to Compel"); (2) holding Respondent in contempt for failing to comply with the March 2020 Order; (3) imposing sanctions on Respondent of $100 for each day that she fails to comply with the March 2020 Order; (4) ordering Respondent to pay Mr. Carter's attorneys' fees and costs incurred in making this Motion and the Motion to Compel, in an amount to be determined upon the subsequent submissions of Mr. Carter demonstrating all fees and costs Mr. Carter incurs and has incurred related to this Motion and the Motion to Compel; and (5) granting any such other relief that the Court deems just and proper.

## FACTUAL BACKGROUND

Through an Order dated September 5, 2019, the Court granted Mr. Carter's Application, for an order pursuant to 28 U.S.C. § 1782 authorizing Mr. Carter to serve subpoenas on Respondent and Webster Bank, N.A. for the production of documents and information in connection with a proceeding in the Territory of the Virgin Islands, having found that the Application "satisfactorily demonstrate[d] that the statutory and discretionary factors under 28 U.S.C. § 1782 have been met." (Dkt # 7, Civil No. 19-mc-00102-JBA.)  Pursuant to that Order, a subpoena dated September 6, 2019 (the "Subpoena") was served on the Respondent on September 13, 2019.  (*See* Dkt # 19-1,

Civil No. 19-mc-001560-JBA (Subpoena attached as Exhibit 1 to the Declaration of John Farnsworth dated January 29, 2020 (the "January Farnsworth Declaration")).)

On September 21, 2019, Respondent filed a motion to quash the Subpoena pursuant to Fed. R. Civ. P. 45(d)(3). (*See* Dkt # 9, Civil No. 19-mc-00102-JBA.) On September 26, 2019, the parties participated in a telephonic conference with the Court, and the Court denied the Respondent's Motion to Quash. (*See* Dkt # 10, Civil No. 19-mc-00102-JBA.)

In light of the Court's order denying the motion to quash, on October 4, 2019, counsel for Mr. Carter, with agreement from counsel for the Respondent, filed with the Court a joint status report (the "October Status Report"), in which Respondent agreed that she was obligated (1) to produce "any documents related to Sutton Ltd or Wembley Ltd within her possession and control," (2) "not to withhold or destroy any responsive documents," and (3) to "provide an affidavit detailing her efforts to locate responsive documents and the extent to which responsive documents have been located." (*See* Dkt # 14, Case No. 3:19- cv-01560-JBA.)

Despite the representations made in the October Status Report, on November 7, 2019, Respondent produced only 162 pages of documents in response to the Subpoena, despite claiming to have received at least 30 boxes of documents from various storage units and despite the Respondent's late husband, E. Lisk Wyckoff, having served as a director of the Sutton and Wembley Companies at issue for over a decade. (*See* Dkt # 19-2, Civil No. 19-mc-001560-JBA, Letter dated November 7, 2019, attached as Exhibit 2 to the January Farnsworth Declaration.) Notably, Respondent did not provide an assurance that no documents were withheld or destroyed. Nor did she provide an affidavit as required by the October Status Report.

Recognizing that Respondent's minimal document production failed to comply with documents requested in the Subpoena, on December 5, 2019, counsel for Mr. Carter sent a letter

to counsel for Respondent asking for a more thorough response to the Subpoena, reminding Respondent that, in addition to her failure to produce documents known to be in her possession, she had not provided Mr. Carter with an affidavit detailing her efforts to locate responsive documents and the extent to which responsive documents have been located as required by the October Status Report, and noting that there is "no basis or excuse for Mrs. Wyckoff's failure to produce all documents responsive to the document requests contained in the Subpoena." (*See* Dkt # 19-3, Civil No. 19-mc-001560-JBA, Letter dated December 5, 2019 (the "December 2019 Letter"), attached as Exhibit 3 to the January Farnsworth Declaration.)  The December 2019 Letter requested that Respondent supplement the deficient document production in compliance with the Subpoena and submit the required affidavit to Mr. Carter by December 12, 2019.

On December 6, 2019, counsel for Mr. Carter filed with the Court an additional joint status letter identifying deficiencies in Respondent's document production, her obligations under the Subpoena, and the proposal by Mr. Carter's counsel "to meet and confer with [Respondent's counsel] regarding these items in an attempt to reach a resolution and to avoid having to seek relief from the Court." (*See* Dkt # 14, Case No. 19-mc-00102-JBA.)  On the due date for the response Mr. Carter's counsel requested in its December 2019 Letter, counsel for Respondent emailed counsel for Mr. Carter on December 12, 2019, not providing the requested response, but instead merely stating: "I have sent your correspondence to Ms. Wyckoff. As of today, I have been unable to get in touch with her to discuss the content of the same. I will continue my efforts to get in touch with her so I can respond." (*See* Dkt # 19-4, Civil No. 19-mc-001560-JBA, Email dated December 12, 2019, attached as Exhibit 4 to the January Farnsworth Declaration.)

On January 13, 2020, counsel for Mr. Carter emailed counsel for Respondent following up on counsel's representation that he would speak with Mrs. Wyckoff and respond to the December

6, 2019 letter.  (*See* Dkt # 19-5, Civil No. 19-mc-001560-JBA, Email dated January 13, 2020, attached as Exhibit 5 to the January Farnsworth Declaration.)  On January 14, 2020, Counsel for Respondent replied, indicating that he had been unsuccessful in his attempts to communicate with his client and would be moving to withdraw by the end of the week if he was still unable to reach her.  (*See* Dkt # 19-6, Civil No. 19-mc-001560-JBA, Email dated January 14, 2020, attached as Exhibit 6 to the January Farnsworth Declaration.)

Given Respondent's continued non-compliance with the Subpoena and inability to resolve the issues through communications with Respondent's counsel, on January 29, 2020, Mr. Carter filed a motion to compel Respondent to comply with the subpoena pursuant to Fed. R. Civ. P. 45. (*See* Dkt # 17-20, Civil No. 19-mc-001560-JBA.)  Respondent did not oppose or otherwise respond to the Motion to Compel.  (*See* Declaration of John Farnsworth dated May 19, 2020 ("May Farnsworth Declaration"), at para. 4.)

On March 5, 2020, this Court granted Mr. Carter's Motion to Compel compliance with the Subpoena served on September 13, 2019, and ordered that, within 14 days of the Order, Respondent must (1) produce any and all documents related to Sutton, Ltd. or Wembley, Ltd. within her possession, custody, or control in accordance with the subpoena; (2) not withhold or destroy any responsive documents to the subpoena; and (3) provide an affidavit detailing her efforts to locate responsive documents and the extent to which responsive documents have been located. (Dkt # 21-22, Civil No. 19-mc-001560-JBA.)

In a status report dated March 6, 2020, counsel for the Respondent indicated an intent to move for reconsideration of the March 2020 Order.  (Dkt # 24, Civil No. 19-mc-00102-JBA.) However, the Respondent has not filed a motion for reconsideration and the time to do so expired on March 12, 2020 pursuant to Local Rule 7(c).  (*See* May Farnsworth Declaration, at para. 6.)

The deadline for the Respondent to comply with the March 2020 Order was March 19, 2020.   Respondent failed to comply with the March 2020 Order by the required response date, and, as of the date of this filing, Respondent still has not complied with the March 2020 Order in any respect, having neither served counsel with any further responsive documents nor an affidavit detailing her efforts to locate those responsive documents and the extent to which responsive documents have been located.  (*See* May Farnsworth Declaration, at para. 7.)

In a status report dated May 1, 2020, counsel for Respondent stated that he would continue efforts to communicate with Respondent with regard to further compliance.  (Dkt #16, Civil No. 19-mc-00102-JBA.)

To date, neither Respondent nor her counsel have explained why Respondent continuously has disregarded her obligations to comply with the Court's orders starting with the obligation to comply with the Subpoena issued by the Court and served on her in September 2019—over eight months ago—and now including the Court's March 2020 Order.  (*See* May Farnsworth Declaration, at para. 8.)

## **ARGUMENT**

Based on Respondent's categorical failure to comply with the Subpoena and the March 2020 Order, Mr. Carter respectfully requests that the Court hold Respondent in contempt and impose sanctions, including but not limited to ordering Respondent to pay for attorneys' fees and costs expended in making this Motion and the Motion to Compel.

With respect to contempt, Rule 45(g) of the Federal Rules of Civil Procedure states that "[t]he court for the district where compliance is required . . . may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it." Where a court has previously issued an order to compel, which is not complied with, a court rightly

finds that person in contempt under Rule 45.  *See East Point Systems, Inc. v. Maxim*, 2016 WL 1118237 (D. Conn. Mar. 22, 2016) (finding the Defendants in contempt under Federal Rules of Civil Procedure 45 for failing to comply with the Court's order compelling them to respond to discovery requests).  This standard has been duly met here, with the Court having issued its March 2020 Order.  (Dkt # 21-22, Civil No. 19-mc-001560-JBA.)

In addition, "a court may hold a party in contempt if '(1) the order the party failed to comply with is clear and unambiguous, (2) the proof of noncompliance is clear and convincing, and (3) the party has not diligently attempted to comply in a reasonable manner.'" *Trustees of I.B.E.W. Local Union No. 488 Pension Fund v. Norland Elec., Inc.*, No. 3:11-CV-709 (CSH), 2016 WL 1060188, at *3 (D. Conn. Mar. 14, 2016) (citing *BS Broadcasting. Inc. v. FilmOn.com, Inc.*, No. 14-3123-CV, 2016 WL 611903, at *3 (2d Cir. Feb. 16, 2016)).  Here, the Court's March 2020 Order clearly and unambiguously directed Respondent, within 14 days of the Order, to comply with the Subpoena, not destroy or withhold responsive documents, and to provide an affidavit detailing her efforts to locate responsive documents and the extent to which such documents have been located.  (Dkt # 21-22, Civil No. 19-mc-001560-JBA.)  Nevertheless, Respondent has failed to comply with the Court's March 2020 Order without so much as providing an explanation to the Court or Mr. Carter's counsel.  Indeed, neither Respondent nor her counsel have explained why Respondent has failed to comply with the Subpoena for nearly eight months, despite the Court's order on September 5, 2019 granting Mr. Carter permission to serve the Subpoena and the Court's September 26, 2019 order denying Respondent's motion to quash the Subpoena, thus further

requiring compliance.  Nor did Respondent contest the March 2020 Order, or file a motion seeking reconsideration of the March 2020 Order, and her time to do so expired on March 12, 2020.

Moreover, monetary sanctions against Respondent are appropriate here where she has failed categorically to comply with the Court's March 2020 Order.  *See PaineWebber Inc. v. Acstar Inc. Co.*, 211 F.R.D. 247, 249 (S.D.N.Y. 2002) (imposing monetary sanctions for non-parties' failure to comply with a subpoena where "both parties admit that they received notice of the subpoenas," "neither party raised objections to the subpoenas at any time," and non-parties did not adequately respond to the motion for contempt).  Sanctions are particularly appropriate here because the Motion to Compel demonstrated that Respondent has withheld documents responsive to the Subpoena, and it even identified several of the specific documents that Respondent has withheld.

In addition, Mr. Carter should be awarded attorneys' fees and costs related to making this Motion and his effort to obtain Respondent's compliance with the Subpoena through the Motion to Compel.  *See Gesualdi v. Hardin Contracting Inc.*, No. 09-CV-0683(SJF)(AKT), 2016 WL 2654068, at *2 (E.D.N.Y. May 6, 2016), at *2 (awarding attorneys' fees and costs after contempt finding under Rule 45(g)); *In re Corso*, 328 B.R. 375, 385 (E.D.N.Y. 2005) (affirming bankruptcy's court award of sanctions and attorney's fees for Rule 45 contempt).

 Over the past eight months, Mr. Carter has expended extensive time and money in seeking to obtain documents from Respondent including by (1) obtaining the Court's permission to serve the Subpoena in September 2019, (2) opposing Respondent's efforts to quash the Subpoena, (3) communicating repeatedly with Respondent's counsel since September 2019 in an effort to get Respondent to comply with the Subpoena, and (4) filing a Motion to Compel in January 2020 and obtaining an order to compel Respondent to comply with the Subpoena.  Despite Mr. Carter's

numerous efforts, Respondent has continued to thwart compliance with the Subpoena for nearly eight months—including by ignoring the Court's March 2020 Order—without any concern or explanation for her conduct.  Consequently, the Respondent has acted in bad faith and should pay sanctions and Mr. Carter's attorneys' fees and costs incurred in seeking Court intervention through this Motion and the Motion to Compel filed on January 29, 2020.  Mr. Carter offers to make a full submission demonstrating all fees and costs Mr. Carter incurs and has incurred related to this Motion and the Motion to Compel.

Mr. Carter also respectfully requests that the Court impose daily sanctions of $100 until the time that Respondent complies with the March 2020 Order.

## **CONCLUSION**

Mr. Carter respectfully requests that this Court grant this Motion for Contempt and Sanctions pursuant to Fed. R. Civ. P. 45, and issue an order:

1. Further directing Elizabeth Wyckoff to comply with this Court's Order dated March 5, 2020 (dkt. #21-22);

2. Holding Elizabeth Wyckoff in contempt for failing to comply with the Court's Order dated March 5, 2020;

3. Imposing sanctions on Elizabeth Wyckoff of $100 for each day that she fails to comply with the Court's Order dated March 5, 2020;

4. Requiring Elizabeth Wyckoff to pay Mr. Carter's attorneys' fees and costs incurred in making this Motion and the Motion to Compel filed on January 29, 2020, in an amount to be determined upon the subsequent submissions of Mr. Carter demonstrating all fees and costs Mr. Carter incurs and has incurred related to this Motion and the Motion to Compel; and

5.  Granting any such other relief that the Court deems just and proper.

Dated: New Haven, Connecticut
       May 19, 2020

By: _____
    John A. Farnsworth (CT20705)
    Withers Bergman LLP
    157 Church St.
    New Haven, Connecticut 06510
    Telephone: (203) 789-1320
    John.Farnsworth@withersworldwide.com
    *Counsel for Nicholas Carter as Receiver*
    *for Sutton, Ltd and Wembley, Ltd*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the Motion for Contempt and Sanctions, dated May 19, 2020, the supporting declaration of John A. Farnsworth, dated May 19, 2020, a proposed order, and a memorandum of law, dated May 19, 2020, were served via CM/ECF on May 19, 2020 on opposing counsel Kenneth M. Rozich, Jacobs & Rozich, LLC, PO Box 1952, New Haven, CT 06509.

_____

John A. Farnsworth